(46 Misc. Rep. 148.)

### DERR v. KEARNEY.

(Supreme Court, Special Term, New York County. January, 1905.)

1. MECHANIC'S LIEN—EVIDENCE—SUBSTANTIAL PERFORMANCE.

An action to foreclose a mechanic's lien for the balance due on a building was based on substantial performance of the contract. The evidence showed a substantial omission in the construction of the foundation, which plaintiff failed to supply after notice. *Held* insufficient to sustain burden of showing substantial performance, so that the omission might be deducted from the contract price, as the cost of remedying it was not proven.

2. SAME—FOUNDATIONS—EXCAVATIONS.

Laws 1892, p. 545, c. 275, § 9, places on the owner of a building the burden of protecting the structure, if the foundation walls are not sufficient for its protection, where the adjoining owner makes an excavation of less than 10 feet. In an action 'to foreclose a mechanic's lien the specifications required that excavations for foundation walls should be carried down 10 feet and 3 inches, but they were in fact less than 10 feet in depth. *Held*, that the deficiency, which the contractor failed to remedy after notice, was not immaterial on the question of substantial performance of the contract.

Action by George Derr against Patrick H. Kearney to foreclose a mechanic's lien. Judgment for plaintiff.

John Mulholland, for plaintiff.
R. B. Kelly (Joseph Fettretch, of counsel), for defendant.

BISCHOFF, J. The plaintiff claims a lien for the balance of the contract price upon completion of the building, less the value of certain minor items concededly omitted, and, in addition, for the value of extra work. As the action is framed, the recovery must depend upon the plaintiff's substantial performance of his contract; and, while the other points in dispute may, perhaps, be deemed insufficient to oppose a finding that the contract was substantially performed, it is impossible to escape the conclusion that there has been a material and substantial omission in the construction of the foundation walls of the building; an omission which the plaintiff failed to supply after notice and an ample opportunity,

and the cost of remedying the defect not having been shown for the purpose of a possible deduction from the contract price. The specifications required that excavations for foundation walls be carried down 10 feet 3 inches below grade, the foundations to be built upon a base course of large flat stones of a designated size. That this requirement for the depth of the foundations was material becomes apparent from the provisions of the statute which regulates the matter of the protection of building walls as between adjoining owners (Laws 1892, p. 545, c. 275, § 9), and, in effect, places upon the owner of a building the burden of protecting the structure, if the foundation walls are not sufficient for its protection, where the adjoining owner makes an excavation of less than 10 feet. Obviously, it was important to the defendant that the foundations should be actually something more than 10 feet in depth, and any deficiency in this respect cannot be viewed as immaterial for the purposes of a finding that the contract was substantially performed. The plaintiff testified that he carried the foundations down 10 feet, but his gauge, as it appears, was nothing other than some unidentified point, which he alluded to as a "surveyor's mark." Whether this mark was at a point which would actually result in a measurement of 10 feet for the foundations was a matter which the plaintiff's case leaves wholly unproven. Taking the plaintiff's own statement, however, he had not complied with the contract, since the depth of the foundations was to be 10 feet 3 inches, and as, against this very unsatisfactory prima facie evidence, testimony has been given for the defendant, which leads irresistibly to the conclusion that the foundations were much less than 10 feet in depth. An actual test was made with this apparent result, and the plaintiff has not controverted the defendant's testimony that the defect was pointed out to him (the plaintiff), was admitted by him to exist, and that he failed to avail himself of a reasonable opportunity held out to supply what had been omitted. Under these circumstances I cannot find that there has been a substantial performance of the contract; indeed, the weight of the evidence is that the contract has not been performed, and that the defendant justly withheld the certificate of approval, the production of which is made a condition precedent to the plaintiff's right to payment.

What the cost of carrying the foundations to the proper depth might be is not proven, and, of necessity, that cost cannot but be substantial in view of the nature of the defect to be supplied. As the case stands, therefore, there has been a material omission of performance, and the plaintiff has not discharged the burden of showing substantial performance, so far as the omission might be made the subject of deduction from the contract price. Furthermore, the required course of flat stones was omitted, and the plaintiff has not controverted the defendant's testimony that this requirement was modified only on condition that concrete of a certain thickness be substituted, which condition was not performed.

Of the two items of extra work claimed, I find that the "saddle" supplied should be allowed for, in the sum of $41.23, and the further

item of $11 for extra beams supplied should be allowed; making in all $52.23, for which sum the plaintiff may have judgment establishing his lien, without costs.

Judgment for plaintiff, without costs.